279 F.Supp.2d 1068 (2003)
Barbara DICKERSON, et al., Plaintiffs,
v.
DEACONESS LONG TERM CARE OF MISSOURI, INC., Defendant.
No. 4:03CV341 DDN.
United States District Court, E.D. Missouri, Eastern Division.
July 8, 2003.
*1069 Robert G. Kister, Partner, Breeze and Kister, Festus, MO, for Plaintiff.
Paul W. Johnson, Burroughs and Hepler, Edwardsville, IL, for Defendant.

MEMORANDUM AND ORDER
NOCE, United States Magistrate Judge.
This action is before the court upon the motion of defendant Deaconess Long Term Care of Missouri, Inc., to dismiss (Doc. 13) and the motion of plaintiffs Barbara Dickerson, Phil Dickerson, Sheila Plunkett, Shirley Robinson, and Brenda Fronczak for leave to file a first amended complaint and to join an additional party plaintiff (Doc. 19). The parties have consented to the exercise of plenary authority by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). A hearing was held on June 26, 2003.

FACTS
On March 17, 2003, plaintiffs filed a complaint, captioned "Petition for Wrongful Death." They alleged that they are the surviving spouse and children of Louis C. Dickerson and that defendant's negligence caused Mr. Dickerson's death on March 13, 2002. Plaintiffs seek relief under portions of the Missouri Omnibus Nursing Home Act (the Act), Mo.Rev.Stat. §§ 198.088 and 198.093 (2000), and under Missouri's wrongful death statute, Mo.Rev. Stat. § 537.080 (2000). (Doc. 1.)
Defendant has moved to dismiss plaintiffs' claim under the Act, arguing that, if the individually named plaintiffs bear the relationship to decedent as alleged in the complaint, they are proper parties to bring a wrongful death action, but they are not accorded a right to sue for a violation of the Act. The only party with standing to bring an action under the Act, defendant argues, is decedent's estate. (Doc. 13.)
Plaintiffs have not filed a response to the motion to dismiss; instead, they moved for leave to file a first amended petition and to join "the Estate of Louis C. Dickerson" as a plaintiff. They assert that "an Estate has been filed" with the Circuit Court of the Twenty-Fourth Judicial Circuit, Potosi, Missouri, for Louis C. Dickerson, claiming as an asset of the estate the cause of action referred to in the original complaint. (Doc. 19.)
In opposition to plaintiffs' motion, defendant asserts that the Act sets forth in clear and unambiguous terms that an action based on alleged violations of the Act may be brought only by "the estate" of a deceased nursing home resident. Defendant denies that an estate has been opened for decedent; rather, it states that plaintiffs have filed in state court a petition for determination of heirship under Missouri Revised Statute § 473.663 (2000). In support, defendant attaches a correspondence from the clerk of the probate court, which states that as of May 1, 2003, no estate had been opened for Louis Dickerson. Defendant contends that plaintiffs are barred from opening a probate estate due to the passage of time and the running of the applicable one-year statute of limitations. (Doc. 22 at 1-3 & Ex. A.)
In addition, defendant argues that plaintiffs have not complied with a provision of the Act requiring that, within 180 days of the alleged deprivation or injury, a written complaint be filed with the office of the Missouri Attorney General. Defendant attaches a May 1, 2003 letter from the office of the Missouri Attorney General, which states that a file review did not produce any documents responsive to defendant's request for copies of any complaint filed on behalf of Louis Dickerson and defendant. (Id. at 4-5 & Exs. B-C.)
*1070 During oral argument, plaintiffs attempted to persuade the court that because Chapter 198 of the Missouri Revised Statutes uses the term "estate" rather than "personal representative," the legislature intended the relevant statutes to be construed broadly. In addition, they conceded that no written administrative complaint has been filed with the Missouri Attorney General's office, but suggested that § 198.093.6 includes language about not limiting rights and therefore excuses their non-compliance with the administrative prerequisite.

DISCUSSION
As relevant to the administrative prerequisite, Missouri law provides the following. Any resident or former resident of a nursing home who is deprived of any right created by Missouri Revised Statutes §§ 198.088 and 198.090, or the estate of a former resident so deprived, may file a written complaint within 180 days of the alleged deprivation or injury with the office of the Missouri Attorney General describing the facts surrounding the alleged deprivation. Mo.Rev.Stat. § 198.093.1. If the Attorney General fails to initiate a legal action within 60 days of receipt of the complaint, the complainant may, within 240 days of filing the complaint with the Attorney General, bring a civil action in an appropriate court against any owner, operator or the agent of any owner or operator to recover actual damages. Mo.Rev.Stat. § 198.093.2. Finally, "[n]othing contained in sections 198.003 to 198.186 shall be construed as abrogating, abridging or otherwise limiting the right of any person to bring appropriate legal actions in any court of competent jurisdiction to insure or enforce any legal right or to seek damages." Mo.Rev.Stat. § 198.093.6.
Having carefully analyzed the relevant statute, the court concludes that plaintiffs' failure to file a written complaint with the Missouri Attorney General's office proves fatal to their action. See Mo.Rev.Stat. § 198.093.5.[1] Plaintiffs' reading of § 198.093.6, "if acceded to, would render the statute inefficacious, and dominate the substance of things by the mere shadow." See Barlow v. N. Pac. Ry. Co., 240 U.S. 484, 487, 36 S.Ct. 456, 60 L.Ed. 760 (1916); accord Am. Tel. & Tel. Co. v. Cent. Office, 524 U.S. 214, 228, 118 S.Ct. 1956, 141 L.Ed.2d 222 (1998) (an act cannot be held to destroy itself); United States v. Powers, 307 U.S. 214, 217, 59 S.Ct. 805, 83 L.Ed. 1245 (1939) (there is a presumption against a construction that would render a statute ineffective or inefficient); cf. Intern. Paper Co. v. Ouellette, 479 U.S. 481, 494, 107 S.Ct. 805, 93 L.Ed.2d 883 (1987) ("[W]e do not believe Congress intended to undermine this carefully drawn statute through a general saving clause."). A more reasonable reading of § 198.093.6 suggests that Missouri did not want to preclude the filing of other claimssuch as the wrongful death claim brought by plaintiffsresulting from deficient nursing home care. Cf. PMC, Inc. v. Sherwin-Williams Co., 151 F.3d 610, 618 (7th Cir.1998) ("The purpose of a savings clause is merely to nix an inference that the statute in which it appears is intended to be the exclusive remedy for harms caused by the violation of the statute."). Moreover, plaintiffs' interpretation conflicts with the obvious will of the Missouri legislature that the Attorney General be given the first shot at bringing an action against a nursing home under the Act and that, should the Attorney General choose not to bring an action, a private party may do so within a specific time frame.
*1071 Because plaintiffs' complaint is incurably deficient for the above-noted reasons, the court need not determine the meaning of "estate" within § 198.093.1.
Accordingly,
IT IS HEREBY ORDERED that defendant's motion to dismiss plaintiffs' claim under the Missouri Omnibus Nursing Home Act (Doc. 13) is granted.
IT IS FURTHER ORDERED that plaintiffs' motion to file a first amended complaint and to join an additional party plaintiff (Doc. 19) is denied as moot.
NOTES
[1] The only exception to the administrative prerequisite, Mo.Rev.Stat. § 198.093.5 (concerning suits to recover against a bond for personal funds), does not, as plaintiffs recognized during oral argument, apply to this case.